CANADY, J.,
concurring in part and dissenting in part.
I concur in the affirmance of Phillips’s two first-degree murder convictions. I dissent, however, from the majority’s conclusion that Phillips’s death sentences are a disproportionate penalty in this case. I would instead conclude that this case— involving two murders by a defendant on probation—is among the most aggravated and least mitigated of first-degree murder cases.
The majority primarily relies on Cooper v. State, 739 So.2d 82 (Fla.1999), to support its conclusion that the death penalty is a disproportionate punishment in this case. See majority op. at 221-28. But Cooper is distinguishable. The Court in Cooper recognized that the case fell within the category of the “most aggravating” murders, but concluded that the death sentence was disproportionate because the case did not fall in the category of “the least mitigated of murders.” See Cooper, 739 So.2d at 85-86. Admittedly, there are some similarities between the mitigation in Cooper and the mitigation presented by Phillips. But there are also striking differences—differences establishing that Cooper involved significantly greater mitigation. The defendant in Cooper established that he suffered from “brain damage” and “mental illness (i.e., paranoid schizophrenia).” Id. at 86. Phillips did not establish similar mitigation. Cooper presented evidence of “brutal” mistreatment during his childhood, including being “frequently” threatened with a gun and “whipped and beat[en]” by his father. Id. at 84, 86. In contrast, Phillips simply established “childhood neglect.” Majority op. at 221. I would conclude that the factors of brain damage, mental illness, and brutal mistreatment during childhood—which are absent in Phillips’s case—were sufficient to place Cooper’s case outside the category of “least mitigated.” The mitigation in Phillips’s case is similar to other cases in which we have found death sentences to be proportionate. See, e.g., Baker v. State, 71 So.3d 802 (Fla.2011); Wright v. State, 19 So.3d 277 (Fla.2009); Davis v. State, 2 So.3d 952 (Fla.2008).
I would also conclude that Phillips is not entitled to relief under Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). The existence of the prior violent felony aggravator was established by the contemporaneous murder convictions. The existence of the commission of a robbery or burglary aggravator was established by the armed robbery conviction and the jury’s unanimous finding that Phillips “committed each murder while engaged in the commission or attempted commission of a burglary and/or robbery.” Majority op. at 217. The existence of the felony probation aggravator was conceded by Phillips who entered a stipulation “that Phillips was on felony probation at the time of the subject crimes.” Majority op. at 217. So the requirement of Hurst v. Florida that the jury find an aggravator was satisfied. See Hurst v. State, No. SC12-1947, 2016 WL 6036978 (Fla. Oct. 14, 2016) (Canady, J., dissenting).
POLSTON, J., concurs.